IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTINE P.,[1]                          3:20-cv-00274-BR

          Plaintiff,                      OPINION AND ORDER

v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

          Defendant.


**KEVIN KERR**
Schneider Kerr & Robichaux
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

          Attorneys for Plaintiff

**SCOTT ASPAUGH**
Acting United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

─────────────────

          [1] In the interest of privacy this Court uses only the first
name and the initial of the last name of the nongovernmental
party in this case.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**LISA GOLDOFTAS**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2531

    Attorneys for Defendant

**BROWN, Senior Judge.**

    Plaintiff Christine P. seeks judicial review of a final
decision of the Commissioner of the Social Security
Administration (SSA) in which he denied Plaintiff's application
for Supplemental Security Income (SSI) under Title XVI of the
Social Security Act.  This Court has jurisdiction to review the
Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

    For the reasons that follow, the Court **AFFIRMS** the decision
of the Commissioner and **DISMISSES** this matter.


                    **ADMINISTRATIVE HISTORY**

    Plaintiff filed an application for SSI on April 11, 2016,
and alleged a disability onset date of February 28, 2001.
Tr. 208.[2]  Her application was denied initially and on
reconsideration.  An Administrative Law Judge (ALJ) held a
hearing on November 7, 2018.  Tr. 65-73.  A vocational expert

_____

    [2] Citations to the official transcript of record filed by
the Commissioner on December 8, 2020, are referred to as "Tr."

2 - OPINION AND ORDER

(VE) testified at the hearing.  Plaintiff was represented by an attorney.

On January 8, 2019, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 15-29.  On December 13, 2019, that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.  Tr. 1-6.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on August 4, 1965, and was 53 years old at the time of the hearing.  Tr. 208.  Plaintiff has a high-school education.  Tr. 55.  Plaintiff does not have any past relevant work experience.  Tr. 24.

Plaintiff alleges disability due to Posttraumatic-Stress Disorder (PTSD), Social Anxiety Disorder, depression, cystinuria, bilateral carpal-tunnel syndrome, bilateral plantar fasciitis, diabetes, and obesity.  Tr. 103.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 21-23.

3 - OPINION AND ORDER

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

4 - OPINION AND ORDER

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.  The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 416.920. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). *See also Keyser v. Comm'r of*

5 - OPINION AND ORDER

*Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commis-
sioner determines the claimant does not have any medically severe
impairment or combination of impairments.  20 C.F.R.
§ 416.920(c).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner
determines the claimant's impairments meet or equal one of a
number of listed impairments that the Commissioner acknowledges
are so severe they preclude substantial gainful activity.  20
C.F.R. § 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.
The criteria for the listed impairments, known as Listings, are
enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed
Impairments).

If the Commissioner proceeds beyond Step Three, he must
assess the claimant's Residual Functional Capacity (RFC).  The
claimant's RFC is an assessment of the sustained, work-related
physical and mental activities the claimant can still do on a
regular and continuing basis despite her limitations.  20 C.F.R.
§ 416.945(a).  *See also* Social Security Ruling (SSR) 96-8p.  "A
'regular and continuing basis' means 8 hours a day, for 5 days a
week, or an equivalent schedule."  SSR 96-8p, at *1.  In other
words, the Social Security Act does not require complete
incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*,
659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885

6 - OPINION AND ORDER

F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff engaged in substantial gainful activity "during the following periods:  October 2017 to June 2018," but "there has been a continuous 12-month period(s) during which the claimant did not engage in substantial gainful activity."  The ALJ's "remaining findings[, therefore,]

address[ed] the period(s) [Plaintiff] did not engage in substantial gainful activity." Tr. 18.

At Step Two the ALJ found Plaintiff has the severe impairments of "calculus of kidney/ureter with flank pain, history of cystinuria with multiple surgeries, chronic kidney disease, bilateral carpal tunnel syndrome, polysubstance abuse, depressive disorder, anxiety disorder," and PTSD. Tr. 18. The ALJ found Plaintiff's impairments of hypertension, obesity, diabetes mellitus type II, hypothyroidism, coronary artery disease, and angina are nonsevere and Plaintiff's chronic obstructive pulmonary disease is not a medically determinable impairment. Tr. 19.

At Step Three the ALJ concluded Plaintiff's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1. The ALJ found Plaintiff has the RFC to perform light work with the following limitations:

> [Plaintiff] may frequently balance; occasionally
> stoop, kneel, crouch and crawl, but may never
> climb ladders, ropes and scaffolds. She must
> avoid more than occasional exposure to extreme
> cold, vibration, irritants such as fumes, odors,
> dust, gases, chemicals, poorly ventilated spaces,
> and hazards such as dangerous machinery and
> unsecured heights. She may occasionally engage in
> handling with the upper extremities. She is fully
> capable of learning, remembering, and performing
> simple and detailed work tasks, which are
> performed in a routine, predictable, and low
> stress work environment, defined as one in which
> there is a regular pace, few work place changes,
> and no "over the shoulder" supervision. She may
> have occasional contact with supervisors,

coworkers, and the public.

Tr. 20.

At Step Four the ALJ found Plaintiff does not have any past relevant work experience.  Tr. 23.

At Step Five the ALJ found Plaintiff can perform jobs that exist in significant numbers in the national economy.  Tr. 24. Accordingly, the ALJ found Plaintiff is not disabled.


### DISCUSSION

Plaintiff asserts the ALJ erred at Step Five when he found Plaintiff can perform jobs that exist in significant numbers in the national economy.

As noted, if the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25.  The burden then shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *See Lockwood*, 616 F.3d at 1071.  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).

9 - OPINION AND ORDER

Here the ALJ found Plaintiff could perform the jobs of Bakery Worker and Children's Attendant.  Plaintiff asserts the ALJ erred when he reached those conclusions because there are not enough Bakery-Worker jobs in the national economy to constitute a "significant number" and the job of Children's Attendant may require an individual to lift more than 20 pounds.

## I.   Bakery Worker

At the hearing the VE testified an individual with Plaintiff's limitations could perform the job of Bakery Worker, which has 14,900 jobs nationally.  Plaintiff, however, asserts 14,900 jobs is not a "significant number," and, therefore, the ALJ erred when he concluded Plaintiff is not disabled because she could perform that job.

42 U.S.C. § 423(d)(2)(A) provides:

> An individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot . . . engage in any other kind of substantial gainful work which exists in the national economy. . . .  [W]ork which exists in the national economy means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

Citation omitted.  Although the Ninth Circuit has "never set out a bright-line rule for what constitutes a 'significant number' of jobs," a "comparison to other cases is instructive."  *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).  The Ninth Circuit

concluded in *Beltran* that the ALJ erred when he found the plaintiff could perform a significant number of jobs in the national economy when the ALJ found "there existed only 135 jobs regionally or 1,680 jobs nationally that [the plaintiff] could perform." *Id.* at 389.  Similarly, in *De Rivera v. Berryhill*, 710 F. App'x 768, 769 (9th Cir. 2018), the VE testified there were "approximately . . . 5,000 [conveyor-line bakery worker] jobs nationally."  The Ninth Circuit concluded "[a]lthough we have never set out a bright-line rule for what constitutes a significant number of jobs, it is not clear that these amounts are sufficient." *Id.* (quotations omitted).  In *Gutierrez v. Commissioner of Social Security*, however, the Ninth Circuit concluded "25,000 national jobs" was a significant number of jobs and satisfied the Commissioner's burden at Step Five.  740 F.3d 518, 528-29 (9th Cir. 2014).  In addition, several district courts in the Ninth Circuit have held between 12,300 and 15,000 jobs is a significant number of jobs.  *See, e.g., Mark M. v. Comm'r*, No. 3:19-CV-00495-MC, 2020 WL 7695848, at *4 (D. Or. Dec. 28, 2020)("855 counter-clerk jobs in addition to the 13,500 call-out operator jobs are a significant number"); *Davis v. Comm'r,* No. 1:17-cv-00621-SAB, 2018 WL1779341, at *5-*6 (E.D. Cal. Apr. 12, 2018)(finding 15,000 jobs in the national economy are a significant number); *Montalbo v. Colvin*, 231 F. Supp. 3d 846, 863 (D. Haw. 2017)(finding 12,300 jobs are a significant

number); *Peck v. Colvin*, No. 12-577, 2013 WL3121280, at *5 (C.D. Cal. June 19, 2013)(finding 14,000 jobs in the national economy are a significant number).  Thus, the 14,900 Bakery-Worker jobs fall within the parameters of the comparative cases.

In light of the discretion afforded to the ALJ when determining whether the number of particular jobs that exist in the national economy is significant, the Court concludes the ALJ did not err at Step Five when he concluded the job of Bakery Worker exists in significant numbers in the national economy.

## II.  Children's Attendant

The Court has concluded the ALJ did not err when he found Plaintiff could perform the job of Bakery Worker, and, therefore, the Court need not decide whether the ALJ erred when he found Plaintiff could perform the job of Children's Attendant because any error as to that finding would be harmless.  *See Garner v. Saul*, 805 F. App'x 455, 459 (9th Cir. 2020)(the ALJ's finding of one job that exists in significant numbers in the national economy was a sufficient Step Five finding).

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the

Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 27th day of April, 2021.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States Senior District Judge

13 - OPINION AND ORDER